

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00033-CR

EARL WAYNE MURPHY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 67,564-C, Honorable Ana Estevez, Presiding

May 7, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Earl Wayne Murphy, seeks to appeal his conviction for the offense of theft,[1] and plea bargained sentence of three years' incarceration in the Texas Department of Criminal Justice, Institutional Division, and $500 fine. Because appellant waived his right of appeal, we will dismiss.

An appeal must be dismissed unless a certification showing that the defendant has the right of appeal has been made part of the record. TEX. R. APP. P. 25.2(d). A

---

[1] See TEX. PENAL CODE ANN. § 31.03(a), (e)(5) (West Supp. 2013).

valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003).

A defendant in a noncapital case may waive any right secured to him by law, including the right to appeal. TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005); *Monreal,* 99 S.W.3d at 617. A valid waiver which is voluntarily, knowingly, and intelligently made will prevent a defendant from appealing a conviction absent permission from the trial court. *Monreal,* 99 S.W.3d at 617. No attack on a waiver of the right to appeal will be entertained in the absence of factual allegations supporting a claim that the waiver was coerced or involuntary. *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex. Crim. App. 1978); *Perez v. State,* 885 S.W.2d 568, 570 (Tex. App.—El Paso 1994, no pet.). Merely filing a notice of appeal is insufficient to overcome the prior waiver of appeal. *Perez,* 885 S.W.2d at 570.

As a condition of the plea bargain between appellant and the State, appellant was required to waive his right of appeal. In addition to waiving his right of appeal, the record reflects that the terms of the plea agreement were that the State would waive an enhancement allegation, appellant would be found guilty of the charged offense, and would be sentenced to three years' incarceration and a $500 fine. The judgment reflects that the trial court accepted this plea bargain. After sentence was imposed, appellant signed a waiver of his right of appeal.

The trial court noted on the "Trial Court's Certification of Defendant's Right of Appeal" that this was "a plea-bargain case, and the defendant has NO right of appeal," and that "the defendant has waived the right of appeal." Based upon our review of the

record, we find that appellant voluntarily, knowingly, and intelligently waived his right of appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Thus, he was required to obtain the trial court's permission to appeal. *Monreal*, 99 S.W.3d at 617. While it is evident that appellant took some steps toward obtaining the trial court's permission to appeal, nothing in the record indicates that appellant was able to obtain the trial court's permission.

Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. Any pending motions are dismissed as moot.


Mackey K. Hancock
Justice


Do not publish.


3